In Detinue for a Slave upon a special Verdict the Case is “ John Nance possessed of the Slave in Question & others by *B280 his Will dat.-Feb. 2. 1731. gives to his Wife Mary “ All his Estate “ both real & personal All his Household Goods & Moveables “ whatsoever during [261] her natural life ” And makes her sole Extrix Afterwards he devises away a Negro Girl & gives some small Legacies but makes no other Disposition of the Estate given to his Wife, The Wife is dead having in her Life time given the Slave in Question to one Perry from whom the Deft, is a Purchasor for a valuable Cons. The Pit. claims as Heir at Law of the Testator
The Sole Question in this Case is whether by the Devise for Life &c. making the Wife Extrix the absolute Property of the Testors Slaves vested in her Or whether the Pit. as Heir at Law of the Testor is intitled to them after her Death
In Order to give this Question a proper Solution it will be necessary first to see Whether Slaves in this Case are to be consid’d as a real or personal Estate For that they participate of the Nature of both & vary as the subject Matter is different I think no Man can dispute For Instance when a Question is made concerning the Slaves of an Intestate They are then without question to.be considered as a real Estate being to descend as Lands of Inheritance in Fee But where a Question is made concerning a Gift or Devise of Slaves There I conceive they must be considered as meer personal Chattels /
That Slaves in their Nature are nothing more than Chattels must be granted & were so for a long Time in this Country till the Act of 1705. c. 3. which has altered the Nature of them 8c made them a real Estate in some Cases Upon this Act there was great Variety of Opinions & different Constructions Some adhering too strictly to the Letter without a proper Attention to the Spirit & Intention of the Act would have Slaves to be a real Estate almost in all Cases tho’ the plain & obvious Meaning & Design of the Act was no more than to make them so where a pson died Intestate The true Reason of making that Act & the Policy of it being to prevent Widows & Adm’rs from running away with the Slaves & to preserve them for the Benefit of the Heir for the Improvem’t & Cultivation of his Land A Policy very necessary & expedient considering the Method of improving Lands here
And that this was the true Design & Intention of that Act, We need only recur to the Act of 1727. c. 11. made for explaining it which has so clearly settled every Doubt & Controversy that *B281 had arisen or can arise upon the Construction of the first Act that there cannot now well be any Difference of Opinion And let any Man consider these two Acts tog’r & tell me one Instance wherein Slave.s are made a real Estate Except in the Case of Psons dying Intestate I say nothing here of annexing Slaves to intailed Lands as quite from the Present Purpose.
If then Slaves are to be taken as a real Estate in no other Case but where the Owner dies Intestate it follows than when they are made the Subject of a Gift or Devise they must be considered meerly as Chatties Indeed the Words of the last Act of Ass. are extreamly [262] plain that in every Case where the Property is transferred from one to another that they shall pass as Chattels The Clause I rely upon runs thus “ Whenever “ any Pson shall by Bargain & Sale or Gift either with or without “ Deed or by his last Will & Testament in Writing or by any “ Noncupative Will bargain sell give dispose or bequeath any “ Slave or Slaves Such Bargain Sale Gift or Bequest shall transfer “ the absolute Property of such Slave or Slaves to such Pson “ or Psons to whom the same shall be sold given or bequeathed “ in the same Manner as if such Slave or Slaves were a Chattel ”
Nothing can be more full & express than the Words of this Clause And after reading it I think it would be taking up Time impertinently to say any more Where a Slave is bequeathed it shall pass the absolute Property as if such Slave was a Chattel Here a Slave is bequeathed to one for Life And no Rem’r over And if such a Bequest of a Chattel would transfer the absolute Property It must likewise transfer the absolute Property of a Slave
The Question then is Whether the Bequest of a Chattel to one for Life with’t limiting any Rem’r over & making the Legatee Extrix will pass the absolute Property of such Chattel to the Legatee
It is an old & established Rule of Law that the Gift of a Chattel for an Hour is a Gift forever And tho’ of late Rem’rs over of Chattels (as we improperly term them) have been admitted Yet when the Reason of those Determinations are considered it will app’r that they do not break in upon this Rule of Law The Law does in no Case admit of the Rem’r over of a Chattel personal in the strict Sense of the Word Rem’r It is true the Use may be given to one for a Time & the Property limited to another Which Limitation of the Property is often *B282 called a Rem’r but improperly as I conceive For a Rem’r ex vi termini is something that is left or remaining of a Thing in Part disposed of before Now no Degree of Property passes by the Gift or Devise of the Use of a Chattel If there did there could be no Limitation over but .the whole Property vests in him to whom the Limitation over is made w’ch therefore cannot with any Propriety be called a Rem’r If a Man by Deed gives a Chattel to one for Life without limiting it over the absolute Property will pass without all Question And so it will if he does make a Limitation over For that is repugnant & void Because by the Gift for Life the whole Property passes according to the old Rule I have mentioned that the Gift of a Chattel for an Hour is a Gift forever & nothing more remained to dispose of But if a Man by Deed give the Use of a Chattel to one for Life And after his Death to another Such Limitation over is good because no Property passed to the first only the bare Use but the whole Property vests in the latter In Wills indeed no Difference is made whether the first Bequest be expressly of the Use or not if it can be collected [263] from the Will that the Testor intended only the Use And therefore a Bequest to one for Life & afterwards to another is good for the first Bequest is construed to pass only the Use And that for this very Reason because otherwise the Limitation over could not be supported The Reason of this Difference between a Will & Deed is that Deeds are construed strictly according to the Words but in Wills a greater Latitude is allowed & the Intention of the Testator will supply the Want of Apt Words Upon which Ground it is that in the Case before put where a Chattel' is devised to one for Life & afterwards to another that the first Devise is construed to pass only the Use because otherwise the Testors Intention in making the Limitation over would be frustrated & therefore to serve that Intention & support the Limitation over such Constr. is made It is plain then that the first Devise is construed to pass only the Use meerly for the sake of supporting the Limitation over And it as clearly follows that where there is no such Limitation nor any other Clause or Words in a Will to shew that by a Devise for Life the Testator intended only the Use should pass or to make such Construction necessary That the Property must pass by such Devise Construction must then be made according to the legal Sense & Operation of the Words For it is a Rule in the Constr. of Wills as well as Deeds that the legal Sense of Words *B283 must be adhered to unless the Testators Intention be apparent to give them another Meaning Now in the Devise before us the Words of the Will are clear to pass the Thing itself & not the Use “ All my Estate both real & personal I give to my Wife “ during Life.” There is no Limitation over or other Clause in the Will to shew the Testor intended only the Use or to make such Construction necessary And therefore to make such Constr. would be contrary to all the Rules of Constr. before laid down and must offer a manifest Violence to the plain Import & Meaning of the "Words which I conceive is never done unless from other Parts of the Will it may be clearly implied that the Testators Intention was otherwise And it is apparent that in these Determinations even in the Case of Wills that the old Rule of Law" is still preserved sacred & inviolate the first Devise is construed to pass only the Use for if the Property once passed there could be no Limitation over The Property of a Chattel can never be in two Persons distinctly at the same Time but if it is given only for an Hour it passes forever & nothing remains in the Giver No Instance of Devise for Life passing only the Use unless Rem’r over
But' admitting such a Construction should prevail which I can hardly suppose that nothing more than the Use passed to the Wife by the Devise to her for Life The next Question is in whom the Property vested — Whether in the Pit. as Heir at Law or in the Wife as Extrix And I conceive it vested in the Extrix & not the Heir I have already proved I hope sufficiently that Slaves are in no Case a real Estate discendible to the Heir but where the Owner dies Intestate [264] and the Consequence 1 apprehend is clear that wherever a Man by his Will disposes of his Slaves in any Manner the Heir can have nothing to do with them By such Disposition the Owner alters or rather preserves the Nature of Slaves & makes them meer personal Chattels WThenever a Slave is bequeathed it shall pass as a Chattel says the Explanatory Act If then they are to be considered as Chattels as I humbly conceive they must in this Case Then whatever Right or Property remained undisposed by the Devise to the Wife for Life vested in her as Extrix It is a known Thing that all Chattels go to the Extor & not to the Heir And the very making of a Man Extor is in Judgment of Law a Gift to that Person of all the Testors psonal Estate which all passes to him &■ he has a Right to it unless otherwise disposed of by *B284 the Will Except in some Cases where the Extor is taken as a Trustee for the next of Kin If then the Bequest for Life do’s not pass the absolute Property I hope that Bequest & making the Legatee Extrix are suffic’t to pass all the Estate the Testor had
Obj. The Words of the Will are express to pass no more than an Estate for Life That was clearly the Intention of the Testor And that Intention ought to be supported & such Constr. made as wifi support it
Resp. It is true that the Rule for Constr. of all Wills is the Intention of the Testor But then this is to be understood under' some ’ Restriction viz. that such Intention be consistent with the Rules of Law For no Intention tho’ ever so apparent can pass an Estate or Interest either in.real or personal'Estate ag’t those Rules For Instance if a Man devise Lands in Fee & then limits the same Land over to another The Limitation over is repugnant & void It being ag’t a Rule of Law that any Estate sho’d be limited after a Fee So if a Devise be of Chattels to one & the Heirs of his Body which Words create an Estate tail Yet the Intail is void because it is ag’t a Rule of Law that a Chattel should be intailed It avails nothing then as I conceiye to say the Testators Intention is apparent if that Intention clashes with any Rule of.Law as it does in this Case Here is a Devise of a Chattel to one for Life And no Rem’r over The Rule of Law says the Gift of a Chattel for an Hour is a Gift forever And therefore tho’ the Intention be plain to pass no more than an Estate for Life Yet inasmuch as such Intention is inconsistent with that Rule I humbly conceive it cannot prevail ag’t the Rule And this I hope is a full & clear Answer to all that can be urged from the Testors Intention in this Case
Obj. If a Term be devised to one for Life After the Death of the Devisee it shall go to the Extor of the Devisor 1 Sal. 231.
Freeman’s Rpt. 272.
[265] Eyers ag’t Falkland. 1. Mod. 54. 55. S. P. per Twisden And 2 Vern. 332. Where Chattels are devised for a limited Time it shall be intended only the Use of them per Lord Keeper And here Slaves being a real Estate after the Estate for Life ended ought to go to the Heir Resp. The Case of a Term which is a Chattel real & that of a personal Chattel as our Case is are very different There may be a Rem’r limited of a Term by *B285 Deed as well as by Will D. of Norfolks Case 3 Ch. Ca. 1. There is also a Reversion in Chattels real which can never be in Chattels personal for if the Property once passes it is gone forever & can never revert i.e. come back again to the Giver But because there is a Reversion of a Term Where it is given for Life it may come back again to the Extor of the Devisor The Case of a Term then is nothing to the present Purpose And as to the Saying of the Lord Keeper (supra) it must be understood according to the subject Matter The Case before him was a Bequest of Chattels to me for Life with Rem’r over & the Question was Whether the Rem’r over was good Says the Keeper where Chattels are devised for a limited Time it shall be intended only of the Use And therefore says the Reporter allowed the Rem’r over to be good So that this saying of the Keepers plainly can only be applied to Devises with a Rem’r over & is not to be taken generally in all Cases Nor is there one Determination nor even Opinion that I know of Where a Devise of a Chattel for Life without any Rem’r over passes only the Use On the contrary it is evident that such Devise is construed to pass no more than the Use meerly for the Sake of supporting the Rem’r over
But if this Case of a Term shall be thought any thing parrallel Yet as Slaves here are not to be considered as real Est’a as I have endeavoured to shew Then the Reversion vests in us as Extor And so the Case of a Term is for us & not ag’t us
Needier for the Pit. allowed the Question to be Whether the Devise of a Chattel for Life passed the absolute Property And insisted that only the Use passed & no Property by such Devise Cited Clargis & D — ss of Albemarle 2 Vern. 245 He sayed it was a gen’l Rule that a Devise for a limited Time passed only the Use Hyde & Parrott 2 Vern. 331. And that where only the Use was devised no Property passed only the Occupation for where the Property first vested There he agr’d the absolute Right vested Cited Ow. 33. Dyer’s Opin. that the Devise of the Use of Plate to one & the Heirs of his Body passed no Property but the Devisee had only the Occupation. 1 Sal. 231. Eyre & Fa'kland. Where a Man disposes of a Part of a Term the Residue is in his Extor And sayed the Reason why there was no Case of this Sort but where there was a Rem’r over was because there never was in England a Devise of Chattels for Life with’t a Rem’r over
*B286 He agreed the Reason why a Devise for Life was construed to pass only the Use was to serve the Testors Intention And here the Intention [266] was that after the Wifes Death the Slaves sho’d go to his Heir And there was as much Reason & Equity to make such Construction in Favour of the Heir as of the Rem’r man That the Heir was to be favoured And the Equity was ag’t our Construction That the Intent was express to give only an Estate for Life And it would be strange to make Constr. to pass an Interest ag’t the Testors Intent
As to the Wifes taking as Ex’x The giving her a Legacy excludes from the Surplus
To which it was replied That in all the Cases cited out of Vernon there was a Rem’r over And then it is agr’d only the Use passes by a Devise for Life The Case in Salk, is answered before And as to that in Dier the Devise there was expressly of the Use Besides that Opin. would hardly pass for Law at this Day
Construing a Devise for Life to pass only the Use is to serve the Testors Intent without Doubt But in what Why in supporting the Rem’r over which would be otherwise void It is to support an Intent appearing upon the Face of the Will & not one collected from extrinsic Circumstances To talk of an Intent out of the Will is somewhat new & uncommon The true & only Reason why these Devises are construed to pass only the Use is that the whole Will may take Effect as is sayed in Clargis & D — ss of Albemarle And 'it was the very reason of allowing these sort of Devises at first Mannings Case 8 Rep. 94. 6. From w’ch Case it is plain that a Devise for Life will pass the absolute Property if there is no Rem’r over
To say there never was a Devise of this Kind in England with’t a Rem’r over will want something more than a bare Assertion to obtain Credit Wills are often drawn by ignorant People there as well as here And there being no Instance of such-a Case in the Books will rather prove as I conceive that this was never made a Question in England as I daresay it never was rather than that no such Case ever happened there
But there are Cases where a Devise for Life with a Rem’r over that has been void has been adj’d to pass the absolute Property as Brown & Pitman Gilb. Rep. 75. Devise of personal Estate for Life & afterwards to all such Issue as he sho’d have And for Want of Issue Rem’r over Devise over agr’d to be void And 1 Devisee had a Decree
*B287 Gibbs & Bernardiston Id. 79. Devise to one And if he die with’t Issue Rem’r over whole Int. vests in 1 Devisee Prec. Ch. 323. S. C.
Webb & Webb 2 Vern. 668. Devise of a Term In Trust to [267] permit T. W. the Defts. Father to receive the Profits for his Life And after his Death the Wife for her Life Rem’r to the Heirs of their Bodies The Father assigned the Term The Question was between the Assignee & the Heir whether the Term vested in the Father And adj’d at first that it did not but after-wards reversed.
See also Ch. Ca. Abr. 362. 16. Bass & Gray
In all these Cases the Rem’r was held to be void & therefore that the Devise for Life carried the absolute Property Now if such a Devise will pass the absolute Property where there is a Rem’r over that is void Upon the same Reason it will where there is no Rem’r at all
As to the Intent of the Testor that must consist with the Rules of Law (Ante) This is evident from the Cases just now cited where the Intent was clear to give only for Life So Slaughter & Whitlock in this Court adj’d in Apr. 1737. (ante 233.) w’ch was a Devise of Slaves to two & their Issue And if either die without Issue Rem’r over Here was a clear Intent that the Surv’r sho’d take upon the Death of the other without Issue But this making a kind of Intail The Rem’r over was adj’d void It is not strange then that an Interest or Estate sho’d pass ag’t a Mans Intent The Law often supervenes that Intent where it is inconsistent with any of its Rules
There cannot be the same Reason or Equity to make Constr. in fav’r of the Heir as of the Rem’r man Because in the latter Case the Testors Intent is plain & express & to be collected out of the Will itself In the other it is nothing more than Imagination & Supposition And the Testor possibly might never have his Heir in his Thoughts And as to the Heirs being favoured That Rule holds only in the Case of Lands And goes upon a very different Reason Besides here Slaves are admitted to be a personal Estate How then can they go to the Heir
As to the particular legacy excluding Extor from Surplus there is a Difference where a Wife 8c where a Stranger is Extor. For which see Dun & Wythe in Reports ante Page
There were two Arguments made in this Case The last in Apr. 1739. when Judgm’t was given for the Deft. viz. that the *B288 absolute Property vested by the Devise for Life by the Opinion of Lee, Lightfoot. Grymes, Robinson, Digges & Bird Tayloe, Randolph, Custis & Carter, con.
Lightfoot & Robinson changed their Opinions & so did Carter
In this same Court the Day before the Case of Dun & Wythe (a)
supra was argued which was briefly this Simmonds by his Will gives his Wife all his real & personal Estate during her Widowhood And if she married Then he gave X to Duns Children 8c pi to [268] Noblins & made his Wife Extrix The Wife never married & died And the Question was Whether she had an absolute Property by the Devise to her Or whether the Slaves & personal Estate sho’d go to the Devisees by Virtue of the Devise over or as her next of Kin which they were
It was adj’d that the Rem’r over being limited upon a Contingency that never happened the Devisees could not take by Virtue of that And they took the Testors Intention to be no more than to restrain the Wife from marrying And that if she did not marry she sho’d have the absolute Property It was also compared to the Case of a Devise for Life with a void Rem’r w’ch passed the absolute Property according to Brown & Pitman Gibbs & Bernardiston & Webb & Webb (ante 266) Forth & Chapman 1. Will. 565, 566.
For the Pit. viz. that the Property did not vest Randolph, Grymes, Carter & Lightfoot
For the Deft, that it did vest in the Wife Lee, Tayloe, Robinson, Digges, Byrd & the Governor
Q. If those Cases mentioned above of a Devise for Life with a void Rem’r over do not all turn upon this Point that the Rem’r made a kind of Intail And so the absolute Property vested
Not so in Forth & Chapman
But Note Mannings Case 8. Co. 95. It seems admitted that the Devise for Life wo’d vest the absolute Property if there had not been a Rem’r over
So in Forth & Chapman 1 Will. 665. 666. a Devise for a Day or an Hour of a Term with Rem’r over that is void passes the whole Term if Intent app’rs that the whole was to go from the Ex’rs Fr. Jekyl Ma’r of the Rolls

 ante 77.